IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 20-235 |
| | ) | |
| STEVEN EARL TREUTELAAR | ) | |

**MEMORANDUM OPINION**

COLVILLE, District Judge

**I. Introduction**

Pending before the Court is a motion for early termination of supervised release filed by defendant Steven Treutelaar. (ECF No. 3). Defendant argues he is entitled to early termination of his five-year term of supervised release because after serving a term of imprisonment, he is abiding by conditions of release, is gainfully employed,[1] and is the father of five children who live with him and depend on him for his income. *Id.* The Probation Officer does not oppose his request. The Probation Officer reports Defendant has been compliant with terms and conditions of supervision.

The government responded to Defendant's motion arguing, among other things, that early termination of his supervised release is not in the interest of justice or warranted by the factors set forth in 18 U.S.C. §3553(a), given the seriousness of the offense, Defendant's criminal history, and the stated reasons for early termination. For the reasons that follow, including the court's consideration of the factors set forth in 18 U.S.C. §3553(a) and in the interests of justice, Defendant's motion for early termination will be denied without prejudice.

---

[1] Defendant is a tattoo artist and states he would like to pursue other employment opportunities in other states and would like to travel to do tattoo-related work.

1

**II. Procedural History**

Defendant was sentenced on September 12, 2007 in the United States District Court for the Eastern District of Virginia, following his guilty plea to a two-count Indictment charging him with conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). He was sentenced to a total term of imprisonment of 200 months. Upon release from imprisonment, the Defendant was ordered to serve a supervised release term of five years at each of Counts One and Two, these terms to run concurrently with one another. [2]

The Presentence Investigation Report ("PSIR") filed in the Eastern District of Virginia at Docket No. 08-242-A reveals the following. Defendant was arrested on March 20, 2008 in Leesburg, VA. At the time of his arrest, the Defendant had on his person approximately 10 grams of cocaine base, approximately $1,000 in cash, and a loaded .25 caliber pistol, which he admitted to possessing in furtherance of the charged drug trafficking offense. See PSIR at 4, ¶ 3. During a subsequent search of the Defendant's residence, police found approximately $9,600 in cash and a .45 caliber firearm, along with magazines and ammunition. *Id.* at ¶ 4. Between 2006 and 2008, the Defendant sold crack and powder cocaine to various individuals, which exceeded 150 grams of cocaine base. *Id.* at ¶ 5.

The Defendant's criminal history prior to this case was as follows. In 2005, he was convicted of third-degree burglary and sentenced to four years' incarceration, suspended, with

---

[2] Defendant was sentenced to one hundred and forty months at Count One and sixty months at Count Two of the Indictment, to run consecutively to one another for a total custody sentence of two hundred months. (ECF No. 11, Judgment dated September 17, 2008, 1:08CR00242-001)

two years' probation. The Defendant's probation was terminated "unsuccessful" for failing to pay restitution. He incurred additional convictions relating to marijuana possession in 2004, petit larceny in 2005, possession with intent to distribute marijuana in 2005, attempted marijuana possession in 2007, and marijuana possession again in 2007. In the 2007 case, the probation department filed a violation report because the Defendant incurred new arrests and tested positive for marijuana; he failed to appear for a 2008 hearing and was later found in contempt. The Court continued the Defendant's probation despite the violations, and the Defendant was later arrested in connection with the pending case. PSIR at ¶¶ 17-22.

According to the PSIR, the Defendant qualified as a Career Offender under the Guidelines with an applicable guideline range of 322 to 387 months. PSIR at ¶ 41. The statutory minimum sentences of imprisonment were 10 years at Count One and 5 years (consecutive) at Count Two; and a statutory minimum term of supervised release at Count One of 5 years, and between 3 and 5 years as to Count Two. PSIR at ¶¶ 73-75. The Court sentenced the Defendant to serve 200 months' imprisonment followed by 5 years of supervised release.

On April 2, 2019, the Defendant's sentence was amended in light of the First Step Act of 2018, and the originally imposed sentence at Count One of 180 months was reduced to time served. The originally imposed term of supervised release of 5 years was reduced to 4 years at Count One. All other terms of the prior sentence were unchanged. (ECF No. 2 at 18). By Order dated August 19, 2020, the Defendant's supervised release, which began on April 3, 2019, and is set to conclude on April 2, 2024, was transferred from the Eastern District of Virginia to the Western District of Pennsylvania. (ECF No. 1).

On May 19, 2021, the Defendant filed a motion for early termination of his supervised release (ECF No. 3). To date, defendant has served two years and nearly 3 months of his 5-year term of supervised release.

**III. Discussion**

  A.  Applicable Law

A district court has the discretion to grant the early termination of a defendant's term of supervised release under 18 U.S.C. § 3583(e). *United States v. Melvin*, No. 20-1158, 2020 WL 6108619, at *3 (3d Cir. Oct. 16, 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
>> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district court must consider the following factors:

> − the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1); − the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);
>
> − the sentencing range established by the Sentencing Commission, § 3553(a)(4); − any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5); − the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and
>
> − the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 2020 WL 6108619, at *3. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors. *Id.*

The Third Circuit Court of Appeals has clarified that the general rule is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Id.* (quoting *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018), *cert. denied*, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in *Melvin* explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

*Id.* The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen circumstances must be shown." *Id.* In other words, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Id.* The district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Id.* (quoting 18 U.S.C. § 3583(e)(1)).

The court will consider the pertinent factors set forth in § 3553(a) as instructed in §3583(e)(1) to determine whether early termination of Defendant's term of supervised release is warranted by his conduct and in the interest of justice.

B. Section 3553(a) Factors

*1. The nature and circumstances of the offense and
the history and characteristics of the defendant, § 3553(a)(1).*

5

When arrested, the defendant had 10 grams of cocaine base, $1,000, and a loaded .25 caliber pistol, which he admitted to possessing in furtherance of the drug trafficking offense. Law enforcement further found $9,600 cash at his house, a second firearm, magazines and ammunition. The offenses to which he was found guilty included selling crack and powder cocaine between 2006 and 2008, in excess of 150 grams of cocaine base. He qualified as a Career Offender under the guidelines.

According to Defendant, the probation officer indicates he is in full compliance in all areas of supervision, and she does not oppose the petition. He has no need for programming or treatment, has made strides toward building his brand for his role as a tattoo artis, is currently employed and is a great father to his five children. He avers terminating his supervised release would better enable him to support his family and would like to travel to tattoo expos and art venues around the world to showcase his talent. He is not using controlled substances, and has no psychiatric issues, and enjoys the support of his community.

Based upon the representations by Defendant and his probation officer, Defendant has done very well during the first portion of his five-year supervised release term. Defendant's offense of conviction in this case, however, was very serious because it was extensive, involved a significant amount of crack cocaine, which has devastating effects on the community, and involved the use of a firearm. Under those circumstances, despite the strides that Defendant has made since his release from imprisonment, a five-year term of supervised release remains the appropriate sentence in this case.

*2. The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D).*

Defendant has served only a less than 50% of the mandatory five-year-term of supervised release. In light of the grave and serious nature of Defendant's criminal conduct and that Congress provided a mandatory five-year-term of supervised release for his crime, the term of supervised release served thus far would not adequately deter criminal conduct. In other words, a five-year-term of supervised release is still warranted to deter criminal conduct. Based upon the serious nature of Defendant's crime and the statutory minimum term of supervised release set forth by Congress for violations of 21 U.S.C. §846 and 18 U.S.C. §924(c), the appropriate term of supervised release remains five years.

*3. The sentencing range established by the Sentencing Commission, § 3553(a)(4).*

The applicable guideline range for a term of supervised release was (and currently is) 3 to 5 years.

*4. Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).*

No pertinent policy statements were raised by the parties with respect to this matter.

*5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).*

A five-year-term of supervised release is warranted; otherwise, a sentencing disparity would be created between Defendant and other defendants with similar records who have been found guilty of similar conduct. Defendant did not set forth any argument or evidence to show that terminating his term of supervised release after time currently served is warranted.

*6. The need to provide restitution to any victims of the offense, § 3553(a)(7).*

There are many victims of drug-trafficking offenses. Despite this the law does not provide restitution for Defendant's crime.

C.  <u>Whether Early Termination is Warranted in the Interest of Justice</u>

Having considered all these factors, and the record before us, the Court concludes that early termination is not warranted in this case and is not in the interest of justice.  Defendant has complied with his conditions of supervised release, and his employment history and commitment to his family are commendable. The fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.  Given the serious nature of his crime and the need to deter criminal conduct, the interests of justice are best served by Defendant completing his full term of supervised release.

**IV.  Conclusion**

For the foregoing reasons, the court will deny the motion for early termination of supervised release without prejudice.

An appropriate order follows.

                                              BY THE COURT:

Dated June 22, 2021                                   /s/ *Robert J. Colville*
                                                            Robert J. Colville
                                                            United States District Judge

cc:      Steven Earl Treutelaar
          119 Conage Circle
          Belle Vernon, PA 15012

          Jerome A. Moschetta, AUSA